IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,427-02






EX PARTE TEDDY WAYNE CARTER, II, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2002-400.267-B IN THE 364TH DISTRICT COURT


FROM LUBBOCK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to fifty-two and a half years' imprisonment. The Seventh Court of Appeals
affirmed his conviction. Carter v. State, No. 07-03-255-CR (Tex. App. - Amarillo, delivered May
28, 2004, pet ref'd).

 Applicant contends that he is actually innocent, as reflected by the complainant's recantation
that occurred subsequent to the denial of Applicant's previous application for post-conviction writ
of habeas corpus. Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte
Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to whether the
complainant has recanted her allegations and, if so, whether such recantation is credible, what
evidence other than her testimony shows Applicant's guilt, and whether Applicant has shown he is
actually innocent. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 14, 2009

Do not publish